## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 8:14-CR-437-T-30EAJ**

**BRENT WALKER INZER**

_____/

### REPORT AND RECOMMENDATION

Before the Court are Defendant Brent Inzer's ("Defendant's") **Motion to Dismiss Indictment or, in the Alternative, to Set an Evidentiary Hearing** (Dkt. 85) and the United States of America's ("the Government's") **Response in Opposition to Inzer's Motion to Dismiss Indictment** (Dkt. 92).[1]  For the reasons discussed herein, the Court recommends that Defendants' motion (Dkt. 85) be denied.

### Background

On October 21, 2014, Defendant was charged in an indictment with one count of conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii). (Dkt. 1)  According to the Government, it intends to prove at trial that couriers transported various quantities of marijuana obtained from Defendant in California to the Middle District of Florida and that the marijuana was then sold to "ordinary illegal drug users." (Dkt. 92 ¶ 2)  Defendant states that he has resided in California for more than forty years and "managed doctor's offices in California from which prescriptions were issued by doctors pursuant to California law for the medical use of marijuana." (Dkt. 85 at 2)

Defendant moves to dismiss his indictment, alleging that his prosecution would violate the

---

[1] The motion has been referred to the undersigned for a report and recommendation. See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

Equal Protection Clause of the Fifth Amendment and the Doctrine of Equal Sovereignty.  Under the Equal Protection Clause of the Fifth Amendment, Defendant asserts that the classification of marijuana as a Schedule I drug under the Controlled Substances Act ("CSA"), 21 U.S.C. § 812(c), is arbitrary and irrational.[2]  Second, Defendant also contends that his prosecution violates the doctrine of "Equal Sovereignty" because it constitutes disparate state-based enforcement.[3]

Referenced in and attached to Defendant's motion are a number of news articles, scientific studies, and legal briefs related to recent developments in marijuana policy.[4]  Based on the recent policies, opinions, and proposed legislation regarding marijuana's medicinal value and directives from the Department of Justice regarding enforcement of the CSA in states where medical marijuana is legal, Defendant avers that the classification of marijuana as a Schedule I drug is unconstitutional. (Dkt. 85 at 6)

---

[2] Defendant incorporates by reference a memorandum, post-hearing brief, and selected hearing transcripts filed in United States v. Schweder, No. 2:11-CR-00449-KJM (E.D. Cal. 2011) in support of a defendant's motion to dismiss an indictment relating to similar charges involving marijuana's classification as a Schedule I drug.  On April 17, 2015, United States District Judge Kimberly Mueller denied the motion to dismiss.  See United States v. Pickard, --- F. Supp. 3d ----, 2015 WL 1767536, at **1, 21 (E.D. Cal. Apr. 17, 2015) ("In view of the principled disagreements among reputable scientists and practitioners regarding the potential benefits and detrimental effects of marijuana, this court cannot say that its placement on Schedule I is so arbitrary or unreasonable as to render it unconstitutional.  Congress still could rationally choose one side of the debate over the other.").

[3] Defendant's motion does not articulate the constitutional basis for the Equal Sovereignty doctrine, but it is the Tenth Amendment. See pp. 6-7, infra.

[4] Defendant cites to three policy memoranda from Deputy Attorneys General David Ogden (October 19, 2009) and James M. Cole (June 29, 2011 and August 29, 2013), which discuss the Department of Justice's position on medical marijuana in states where it has been legalized.  Defendant also cites to recent budget appropriations legislation including a rider that prohibits funding for the Department of Justice from being used to prevent thirty-two states and the District of Columbia from implementing medical marijuana laws. See Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113-235, 128 Stat. 2130 tit. V, div. B, § 538 (2014).

The Government responds that Defendant's prosecution is consistent with federal enforcement priorities, his motion is an improper collateral attack on the scheduling of marijuana, recent legislation cited by Defendant is not a bar to his prosecution, and the prosecution does not present any legitimate equal sovereignty or equal prosecution issue. The Government summarizes:

> At some level, the prosecution of Inzer is roughly analogous to the prosecution of Florida-based doctors and pharmacists who illegally distribute prescription pain medications. Those defendants cannot shield themselves from prosecution by feigning compliance with state law and later making specious claims of equal protection or equal sovereignty; neither can Inzer.

(Dkt. 92 ¶ 4)

## Discussion

Congress enacted the Comprehensive Drug Abuse Prevention and Control Act of 1970, in part "to strengthen existing law enforcement authority in the field of drug abuse." 84 Stat. 1236. Title II of that Act is the CSA, 84 Stat. 1242, 21 U.S.C. § 801 et seq. Under the CSA, drugs and other substances are categorized into five schedules based on the substance's accepted medical uses, potential for abuse, and psychological and physical effects on the body. 21 U.S.C. §§ 811, 812. A drug is classified under Schedule I where: (1) the drug has a high potential for abuse; (2) the drug has no currently accepted medical use in treatment in the United States; and (3) there is a lack of accepted safety for use of the drug under medical supervision. Id. § 812(b). Congress classified marijuana as a Schedule I drug when it enacted the CSA, and "[d]espite considerable efforts to reschedule marijuana, it remains a Schedule I drug." Gonzales v. Raich, 545 U.S. 1, 15 (2005).

A.   Subject Matter Jurisdiction and Defendant's Standing

The Government contends that Defendant's motion is an improper collateral attack on the scheduling of marijuana. See United States v. Carlson, 87 F.3d 440, 446 (11th Cir. 1996) ("A

3

defendant cannot make a collateral attack on a final regulatory decision in a criminal case."). However, unlike the defendants in Carlson who were challenging a 1988 final rule by the DEA regarding the scheduling of MDMA, Defendant is not challenging an administrative classification of marijuana.  Instead, he raises a constitutional challenge to the statutory provisions in which Congress classified marijuana as a Schedule I drug.

In order to bring a constitutional challenge to a statute or regulation, a party must show the following: (1) an injury that is concrete, particularized, and actual or imminent; (2) fairly traceable connection between the alleged injury and the challenged action; and (3) a substantial likelihood that the injury is redressable by a favorable ruling. Horne v. Flores, 557 U.S. 433, 445 (2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Here, Defendant has established standing to challenge the constitutionality of marijuana's classification as a Schedule I drug.  If convicted of violating the CSA, defendant will be penalized by incarceration and/or a fine, resulting in a particularized injury.  Defendant's conviction will be due to a violation of the CSA that he challenges here.  Finally, if Defendant were to receive a favorable ruling, his indictment would be dismissed, thereby redressing Defendant's injury.

B.     Equal Protection Challenge

Defendant argues that "[t]he federal government's increasingly contradictory actions . . . are so irrational in nature that they cannot survive rational basis review, let alone a higher level of constitutional scrutiny." (Dkt. 85 at 8)

"The threshold question in a Fifth Amendment equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated persons." United State v. Jones, 731 F. Supp. 2d 1275, 1282 (M.D. Fla. 2010).  "The Fifth Amendment's Due Process Clause has an

4

equal protection component akin to the Equal Protection Clause of the Fourteenth Amendment ... prohibit[ing] the federal government from denying to any person in the United States the equal protection of the laws." United States v. Scrushy, 721 F.3d 1288, 1305 (11th Cir. 2013) (citing Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954)) cert. denied, 134 S. Ct. 1041 (2014).

A party claiming that a regulation "acts against him or her because of race or another suspect class or that the regulation involves a fundamental right, then the regulation is subject to strict scrutiny." Eide v. Sarasota Cnty., 908 F.2d 716, 722 (11th Cir. 1990). "However, if the claim is simply that the regulation treats the plaintiff different from someone else and neither a suspect class nor a fundamental right is involved, the regulation (and its classification) must only be rationally related to a legitimate government purpose." Id. "To pass the rational basis test, the legislation must have a legitimate purpose, and it must have been reasonable for lawmakers to believe that the use of the challenged classification would promote that purpose." United States v. King, 972 F.2d 1259, 1260 (11th Cir. 1992) (per curiam). Because of the highly deferential nature of rational basis review, legislative acts will be held unconstitutional only in exceptional circumstances. See Doe v. Moore, 410 F.3d 1337, 1345 (11th Cir. 2005).

In an equal protection challenge to the classification of marijuana as a Schedule I drug under the CSA, the rational basis standard applies. See United States v. Middleton, 690 F.2d 820, 824 (11th Cir. 1982).

Whether marijuana should be classified as a Schedule I controlled substance has been debated since the passage of the CSA. However, in the forty-five years since the CSA was passed, courts have unanimously concluded that Congress could rationally find that marijuana has a high potential for abuse, that it currently has no accepted medical use, and that there is a lack of accepted

5

safety for use of marijuana under medical supervision.[5]  Although Defendant relies on a number of exhibits regarding marijuana's medical efficacy and the medical and public opinions related to its use, "[t]hese filings are ultimately irrelevant, however, as federal courts . . . have repeatedly rejected constitutional challenges to the classification of marijuana under the CSA when applying traditional rational basis review." United States v. Wilde, ---- F. Supp. 3d ----, 2014 WL 6469024, at *4 (N.D. Cal. Nov. 18, 2014) (collecting cases).

Accordingly, under the highly deferential rational basis review standard, the Court concludes that there is some "reasonably conceivable state of facts" in which the Government's classification of marijuana as a Schedule I drug is rationally related to a legitimate government interest, including potential abuse of marijuana by minors. See id. at 5.

Additionally, the CSA provides a mechanism for petitioning the Attorney General to consider reclassifying the drug. See 21 U.S.C. § 811(a).  "The determination of whether new evidence regarding either the medical use of marijuana or the drug's potential for abuse should result in reclassification of marijuana is a matter for legislative or administrative, not judicial, judgment." Middleton, 690 F.2d at 823 (citations omitted).

C.    Doctrine of Equal Sovereignty

Defendant also challenges his prosecution under the Doctrine of Equal Sovereignty,

---

[5] See, e.g., Raich, 545 U.S. at 22 ("[W]e have no difficulty concluding that Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the CSA."); United States v. White Plume, 447 F.3d 1067, 1075 (8th Cir. 2006) ("[T]he ongoing debate about the physical and psychological effects of marijuana and whether it had any medicinal value was a sufficiently rational reason for Congress to include marijuana on Schedule I."); Pickard, 2015 WL 1767536, at *22 ("[T]he issues raised by the defense are policy issues for Congress to revisit if it chooses."); Nat'l Org. for Reform of Marijuana Laws (NORML) v. Bell, 488 F. Supp. 123, 136 (D.D.C. 1980) ("Inclusion of marijuana as a controlled substance in 1970 certainly was rational.").

contending that the Department of Justice is unequally applying the CSA with respect to marijuana's Schedule I classification "in an inconsistent manner to similarly situated individuals simply by virtue of their residence in a different state." (Dkt. 85 at 11)  He adds that "[t]his unequal application of federal law violates the principles of federalism, and must be struck down as unconstitutional as such." (Id.)

Under the Doctrine of Equal Sovereignty, "the constitutional equality of the States is essential to the harmonious operation of the scheme upon which the Republic was organized." Shelby Cnty., Ala. v. Holder, 133 S. Ct. 2612, 2623, 186 L. Ed. 2d 651 (2013) (internal quotations and citations omitted).  The Tenth Amendment provides, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.  However, "[w]hen Congress acts within its power under the Commerce Clause, then the 'Tenth Amendment expressly disclaims any reservation of that power to the States.'" United States v. Wright, 117 F.3d 1265, 1268 n.4 (11th Cir.1997) (quoting New York v. United States, 505 U.S. 144, 153 (1992)), opinion vacated in part as to sentencing only on reh'g, 133 F.3d 1412 (11th Cir. 1998).

The CSA is a valid exercise of Congress' authority under the Commerce Clause. See Raich, 545 U.S. at 22.  "Marijuana remains illegal under federal law, even in those states in which medical marijuana has been legalized." United States v. Canori, 737 F.3d 181, 185 (2nd Cir. 2013) (citing 21 U.S.C. § 903, which provides for the CSA's preemption where "there is a positive conflict between [a CSA provision] and that State law such that the two cannot consistently stand together"). The Department of Justice memoranda regarding enforcement of the CSA in states where medical marijuana is legal do not have the force of law and are intended as guides to assist prosecutors in

their exercise of discretion. See id. ("That the Department of Justice has chosen to prioritize certain types of prosecutions unequivocally does not mean that some types of marijuana use are now legal under the CSA."). Defendant's argument that enforcement of the CSA is being applied inconsistently between the states is without merit as the CSA, appropriately enacted pursuant to Congress' Commerce Clause power, preempts conflicting state laws, and, therefore, marijuana remains a Schedule I drug across the nation.

D.     Defendant's Request for Evidentiary Hearing

It is unnecessary to hold an evidentiary hearing. See United States v. Astling, 733 F.2d 1446, 1453 (11th Cir. 1984) (trial court did not err in denying defendants' request for evidentiary hearing on attack on classification of marijuana as Schedule I drug); see also Wilde, 2014 WL 6469024, at *5 ("Moreover, since traditional rational basis review does not warrant engaging in scrutiny of the factual merits of the scientific debate, no evidentiary hearing is warranted in this case."). But see Pickard, 2015 WL 1767536, at *22 (granting evidentiary hearing as defendants' submissions raised "contested issues of fact regarding whether marijuana's continued inclusion as a Schedule I substance passes constitutional muster").

## Conclusion

No one will quarrel with the proposition that the legal landscape is rapidly changing at the state level regarding decriminalization of some marijuana use. However, in this federal prosecution for conspiring to distribute and to possess with intent to distribute 100 kilograms or more of marijuana, Defendant has not shown that his prosecution violates the Constitution.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Defendants' Motion to Dismiss Indictment or, in the Alternative, to Set an

Evidentiary Hearing (Dkt. 85) be **DENIED**.

**Date: May 7, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).